UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
JIAN BIN LIN et al.,                                           :
                                                              :
                                      Plaintiffs,             :          **MEMORANDUM AND ORDER**
                                                              :          19-cv-01119 (DLI) (MMH)
                   -against-                                  :
                                                              :
TABLE FOR EIGHT, INC. d/b/a "M Noodle Shop", :
M SHANGHAI, LLC d/b/a "M Shanghai", MAY       :
LIU, John Doe and Jane Doe # 1-10,                           :
                                                              :
                                      Defendants.            :
---------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs Jian Bin Lin ("Lin"), Zhen Qi Weng ("Weng"), and Bin Lian ("Lian")

(collectively, "Plaintiffs") initiated this action against Table for Eight, Inc. d/b/a M Noodle Shop

("Table for Eight"), M Shanghai, LLC d/b/a M Shanghai ("M Shanghai"), and May Liu ("Liu")

(collectively, "Defendants"), alleging violations of the Fair Labor Standards Act of 1938, 19

U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law, § 650 *et seq.* ("NYLL"), and 12 New York

Codes, Rules and Regulations § 146 ("NYCRR").  *See*, First Amended Complaint ("FAC"), Dkt.

Entry No. 18 at ¶¶ 1, 4.  Pursuant to Federal Rule of Civil Procedure 56, Defendants moved for

summary judgment, seeking dismissal of this action in its entirety.  *See*, Defs.' Mem. of Law in

Supp. of Summ. J. ("Defs.' Mot."), Dkt. Entry No. 40-1.  Plaintiffs opposed the motion.  *See*, Plfs.'

Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. ("Opp."), Dkt. Entry No. 43.  Defendants

replied.  *See*, Defs.' Rep. Mem. of Law in Supp. of Summ. J. ("Defs.' Rep."), Dkt. Entry No. 40-

10.  For the reasons set forth below, Defendants' motion for summary judgment is granted in part

and denied in part.

## BACKGROUND

Table for Eight and M Shanghai are restaurants in Brooklyn, NY that were owned, in whole

or substantial part, by Liu.  *See*, Plaintiffs' Counter Rule 56.1 Statement ("56.1"), Dkt. Entry No. 40-9 at ¶¶ 1-3.[1]  Liu determined the compensation for all three Plaintiffs.  Liu Deposition Transcript ("Liu Tr."), Ex. 3 to June 10, 2021 Declaration of W. Scott Holleman ("June 10, 2021 Holleman Decl."), Dkt. Entry No. 40-2, at 16.  The parties agree that Liu oversaw the day to day operations at M Shanghai, but dispute Liu's level of managerial involvement at Table for Eight. 56.1 at ¶¶ 4-5.

Lin worked at Table for Eight as a delivery person from September 1, 2013 to February 28, 2019.  *Id.* at ¶ 10; Lin Deposition Transcript ("Lin Tr."), Ex. 4 to June 10, 2021 Holleman Decl., Dkt. Entry No. 40-2, at 7, 18.  Before Lin started working, Liu discussed with Lin his compensation, which included a policy on tips and gratuities.  56.1 at ¶ 15.  This agreement was verbal and not reduced to writing.  *Id.* at ¶ 26; Liu Tr. at 90.  Defendants did not submit a documented salary for Lin, but Plaintiffs claim Lin was paid a monthly base rate of $1,200.  Lin Tr. at 18.  The parties dispute the hours Lin worked.  56.1 at ¶ 38.  It is unclear from the record submitted what Lin was paid per hour or whether he was compensated for overtime or spread of hours.

Lian worked at Table for Eight as a cashier from September 1, 2014 to February 28, 2015, and as a server from July 10, 2017 to March 17, 2019.  *Id.* at ¶¶ 12-13; Affidavit of Bin Lian ("Lian Aff."), Dkt. Entry No. 40-8, at ¶¶ 11, 14-19.  Before Lian started working, Lian discussed his compensation, which included a policy on tips and gratuities, with another manager, Sam Ye.  56.1 at ¶ 18.  This agreement was verbal and not reduced to writing.  *Id.* at ¶ 26; Liu Tr. at 90.  Lian was paid a monthly base rate of $2,800 regardless of the hours worked as a cashier, and $50 per ten-hour shift or $30 per six-hour shift while working as a server.  56.1 at ¶¶ 20, 27; Lian Aff. at

---

[1] The parties' 56.1 Statements contain two paragraphs numbered "1."  The Court refers to both paragraphs.

¶¶ 12-13.  As a cashier, Lian worked Tuesday through Saturday from 4 p.m. to 2 a.m., and Sunday from 2 p.m. to 12 a.m., for a total of sixty hours a week.  Lian Deposition Transcript ("Lian Tr."), Ex. 5 to June 10, 2021 Holleman Decl., Dkt. Entry No. 40-2, at 26.  As a server, Lian worked for various amounts of time, sometimes as much as sixty hours a week.  Lian Aff. at 14-19.  Thus, as Plaintiffs claim, Lian was not paid for overtime as a cashier, and was paid at about $5 an hour as a server.  The parties dispute the extent to which Lian received tips, and no documentation has been submitted regarding Lian's tips.  56.1 at ¶ 21.

Weng worked at M Shanghai as a delivery person from November 21, 2015 to sometime in February 2019.  56.1 at ¶ 11; Affidavit of Zhen Qi Weng ("Weng Aff."), Dkt. Entry No. 40-7, at ¶ 3.  The parties do not support Weng's rate of pay with admissible evidence.  Defendants submitted a notice dated December 31, 2018, titled "Minimum Wage and Tip Credit Law" with an hourly rate of $13.50, but it is unsigned, and Weng does not acknowledge the document.  *See*, Wage Notices, Ex. 7 to June 10, 2021 Holleman Decl., Dkt. Entry. No. 40-2.  Plaintiffs claim Weng was paid a monthly base rate of $1,100.  Opp. at 7.  However, this claim is not supported properly.  *See*, Weng Deposition Transcript ("Weng Tr."), Ex. 6 to June 10, 2021 Holleman Decl., Dkt. Entry No. 40-2, at 12 ("Q: How much money did Mr. Lin say that you would be paid?  A: $1,100 per month.").  It is undisputed that Weng worked forty-three hours a week, including a twelve-hour shift on Wednesdays.  Weng Aff. at ¶ 8.  It is unclear from the record submitted what Weng was paid or whether he was paid for overtime or spread of hours.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "In ruling on a summary judgment motion, the district court must resolve all

ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993).  The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).  Instead, the nonmoving party affirmatively must set out facts showing a genuine issue for trial.  *Anderson*, 477 U.S. at 250. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Local Civil Rule 56.1(d) requires that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b) . . . must be followed by citation to evidence which would be admissible."  "[A] court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotations omitted); *McCall v. Genpak, LLC*, 2015 WL 5730352, at *13 (S.D.N.Y. Sept. 30, 2015) ("the Court need not consider any evidence not included in the Rule 56.1 Statements").  However, a court "may in its discretion opt to 'conduct an assiduous review of the record.'" *Id.* (quoting

*Monahan v. New York City Dept. of Corrs.*, 214 F.3d 275,292 (2d Cir. 2000)).

## DISCUSSION

### I.   Statute of Limitations

"The limitations period for FLSA claims is two years, 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting 29 U.S.C. § 255(a)). To prove willfulness, "all that is required is that the employer knew or had reason to know that it was or might have been subject to the FLSA." *Pest v. Bridal Works of N.Y.*, 268 F. Supp.3d 13, 431 (E.D.N.Y. 2017). "Courts in this Circuit have generally left the question of willfulness to the trier of fact." *Ramirez v. Rifkin*, 568 F. Supp.2d 262, 268 (E.D.N.Y. 2008) (collecting cases); *Inclan v. New York Hosp. Grp.*, 95 F. Supp.3d 490, 503 (S.D.N.Y. 2015) (same). "When courts have decided the question of willfulness at the summary judgment stage, either the FLSA violation was due to a misclassification of the plaintiff as being exempt, or there existed no genuine dispute that the employer had been on notice that it was subject to the FLSA." *Padilla v. Sheldon Rabin, M.D., P.C.*, 176 F. Supp.3d 290, 300 (E.D.N.Y. 2016) (citation omitted). The plaintiff bears the burden of proof as to willfulness. *Whiteside*, 995 F.3d at 322.

Defendants argue that dismissal of all FLSA claims is appropriate because Plaintiffs began working more than three years prior to the filing of this action. Defendants provide no legal authority supporting this contention, which is incongruous to Second Circuit precedent on the accrual of claims. *See*, *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) ("The cause of action for FLSA and NYLL claims accrues on the next regular payday following the work period when services are rendered."); *See also*, *Gunawan v. Sake Sushi Rest.*, 897 F. Supp.2d 76, 82 (E.D.N.Y. 2012) ("a new cause of action accrues with each payday

following an allegedly unlawful pay period"). Defendants do not address the existence of willfulness despite acknowledging its effect on the statute of limitations.

Plaintiffs argue that the mere commission of FLSA violations is the basis of a finding of willfulness. This is unsupported by any caselaw. Instead, prior notice to Defendants is key, as "Congress intended to draw a significant distinction between ordinary violations and willful violations" through this two-tiered approach to the statute of limitations. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). There must be a showing that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the FSLA. *Id.* at 133; *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (same). However, Plaintiffs fail to address, either in their 56.1 Statements or memorandum of law, whether Defendants had any notice that their employment practices fell under the FLSA.

A review of the record reveals that Defendants were aware of some type of requirement under the FLSA, but the extent of that knowledge is undeveloped. For example, Defendant Liu admitted "whenever there's an hourly rate change, I have to provide our staff with the minimal wage and tip credit law." Liu Tr. at 75. Liu also acknowledged that "I have to have [employees] sign the new notice," and that "by law I have to provide my staff with such notice, which I have been doing continuously." *Id.* at 74, 76. However, Defendants have not produced notices for all Plaintiffs covering all applicable time periods, signed or otherwise. *See*, Wage Notices. Moreover, Plaintiffs have set forth largely undisputed evidence of FLSA violations. A jury could find the existence of willfulness. Accordingly, the Court cannot determine which statute of limitations period applies at this juncture and the issue shall be left to the trier of facts.

However, the Court finds that Plaintiffs' FLSA claims beyond the three-year limitations period are time barred. Plaintiffs do not seek an extension of that period even to match the longer

six-year NYLL period.  *See*, *Gustafson v. Bell Atl. Grp.*, 171 F. Supp.2d 311, 322 (S.D.N.Y. 2001) (considering whether to extend the limitations period for FLSA claims based on doctrines of continuing violation, equitable tolling, and equitable estoppel).  Plaintiffs instead ask the Court to apply the three-year limitations period.  *See*, Opp. at 12.  Plaintiffs filed their Complaint on February 25, 2019.  Complaint, Dkt. Entry No. 1.  Accordingly, Plaintiffs' FLSA claims for periods prior to February 25, 2016 are dismissed as untimely.

Under the NYLL, the statute of limitations is six years.  *Nakahata*, 723 F.3d at 198 n.4 (citing NYLL § 663(3)).  The earliest date of employment for any Plaintiff was September 1, 2013, fewer than six years prior to the commencement of this action.  Thus, all of Plaintiffs' NYLL claims are timely.

Therefore, Plaintiffs' FLSA claims arising prior to February 25, 2016 are dismissed as time barred and the motion for summary judgment based on the statute of limitations is denied otherwise.

## II.   <u>Minimum Wage, Overtime, and Spread of Hours Claims</u>

The FLSA and NYLL require employers to pay employees at least a minimum wage.  29 U.S.C. § 206; NYLL § 652.  The FLSA and NYLL also require employers to pay employees who work more than forty hours in a workweek at a rate of at least one and one-half times the employee's regular rate for the hours worked in excess of forty hours.  29 U.S.C. § 207(a); 12 NYCRR § 142-2.2; *Nakahata*, 723 F.3d at 200 ("the NYLL adopts th[e] same standard" as the FLSA for overtime wages).  In addition to minimum wage, the NYLL requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate" for days in which "the spread of hours exceeds 10 hours."  12 NYCRR § 142-2.4.  "An employee is entitled to [spread of hours] pay only if she is paid the minimum wage."  *Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp.3d 645,

658 (E.D.N.Y. 2020).

"A plaintiff generally has the burden of proving that he performed work for which he was not properly compensated."  *Id.* (internal quotations and citation omitted); *See also*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  However, when an employer's records are "inaccurate or inadequate . . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated." *Anderson*, 328 U.S. at 687; *Ying Ying Dai*, 490 F. Supp.3d at 658.  It is well settled within this Circuit "that it is possible for a plaintiff to meet this burden through estimates based on his own recollection." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011).

Here, Defendants have failed to meet their initial burden of demonstrating undisputed issues of material fact, particularly as to Plaintiffs' actual wages paid and hours worked.  *See*, *Weg*, 995 F.2d at 18.  First, Defendants did not set forth in their 56.1 Statement the hours worked by Plaintiffs or wage rates paid to Plaintiffs for the relevant time periods.

Second, Defendants have not proven otherwise the hours worked by Plaintiffs.  For example, Defendants admit that "Plaintiffs' actual hours, as reflected in scheduling sheets, conflict with the allegations regarding how many hours they worked."  56.1 at ¶ 38.  However, the referenced "scheduling sheets" is a one-page document, titled "(January 2019) Monthly Work Schedule" that only accounts for Lin's scheduled work hours in January 2019.[2]  *See*, Scheduling Sheets, Ex. 9 to June 10, 2021 Holleman Decl., Dkt. Entry No. 40-2.  Defendants also provided sign-in sheets for Lin, some signed, some unsigned, listing hours and hourly wages only for September 2015 through January 2016.  *See*, Sign-in Sheets, Ex. 8 to June 10, 2021 Holleman Decl., Dkt. Entry No. 40-2.  These documents plainly are incomplete and contradicted by Lin's

---

[2] The submitted work schedule also documents scheduled hours for Jing Ye, Bin Du, Bin Liang, Ji Ping Ni, Yan Qing Zhang, and Yun Ying Zheng, none of whom are Plaintiffs in this lawsuit.

sworn testimony as to hours he worked.  *See*, 56.1 at ¶¶ 31-33, 38.  Therefore, an issue of fact remains as to his hourly rate and whether he was paid overtime or spread of hours.

Third, no documentation was provided for Lian, and only an unsigned "Minimum Wage and Tip Credit Law" notice was provided as to Weng, leaving the Court to rely on their recollections.  *See*, Wage Notices.  Lian recalls that he was not paid overtime, and was paid $5 per hour as a server.  Lian's tip amounts are disputed.  Thus, it also is unclear whether a tip credit is appropriate.  As to Weng, while he was entitled to overtime and possibly spread of hours, it is unclear what he was paid as base pay or for overages.  Thus, disputed issues of material fact exist as to the hours worked and amounts paid to Plaintiffs, which prevent the Court from determining whether Plaintiffs were properly compensated.

Therefore, Defendants' motion for summary judgment as to Plaintiffs' minimum wage, overtime, and spread of hours claims is denied.

### III.   **NYLL Wage Notice Claim**

Under New York law, at the time of hiring, an employer must provide employees a notice in writing of, *inter alia*, rate of pay, frequency of pay, allowances including tips, meals, or lodging, and the employer's name, "doing business as" name, physical address, and phone number.  NYLL § 195(1)(a).  "[T]he employer shall obtain from the employee a signed and dated written acknowledgment, in English and in the primary language of the employee, of receipt of this notice . . . ."  *Id.*  "[T]he employer shall preserve and maintain for six years" the signed and dated written acknowledgements.  *Id.*

Defendants argue that proper notice was provided "as demonstrated both by the Declaration of May Liu as well as documentary evidence."  Defs.' Mot. at 8.  However, it is unclear to which documents Defendants refer.  Defendants reference paragraph 26 of their 56.1 Statement,

9

which cites Liu's deposition testimony.  *Id.*  In addition to being disputed by Plaintiffs, Liu's testimony merely admits that any personal agreements regarding compensation between Liu and Plaintiffs were verbal and not in writing.  56.1 at ¶ 26; Liu Tr. at 90.  This fails to satisfy the NYLL's written notice requirement.  While Defendants submitted certain wage notices, those are only as to Plaintiffs Weng and Lin, not Lian.  *See*, Wage Notices.  Two of the notices are titled "Minimum Wage and Tip Credit Law," which are unsigned by either Weng or Lin, do not contain the requisite information, and are dated December 31, 2018, years after either of them started working for Defendants.  *Id.*  The third notice is also as to Lin and, while signed, is dated July 29, 2015, nearly two years after he began working for Defendants.  *Id.*  In short, the record demonstrates that Defendants failed to comply with NYLL § 195(1)'s requirements as to each Plaintiff.

Additionally, despite characterizing this as a fully dispositive motion, Defendants do not challenge Plaintiffs' wage statement claim brought pursuant to NYLL § 195(3).  Thus, Plaintiffs' wage statement claim will proceed to trial as well.  Therefore, Defendants' motion for summary judgment as to the NYLL wage notice claim is denied in its entirety.

**IV.**   <u>**Dismissal Under Rules 16, 37, and 41 and Other Grounds**</u>

In what, unfortunately, is characteristic of this litigation, Defendants spend a disproportionate amount of effort attempting to turn minor procedural violations into grounds for outright dismissal of claims.  At best, these arguments lack merit.  At worst, if Defendants persist in engaging in such frivolous and vexatious conduct, they may be subject to sanctions.  Federal Rules of Civil Procedure 11; 28 U.S.C. § 1927.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii) if a party or its attorney:  (A) fails to appear at a scheduling or other pretrial conference . . . ."  Rule 37(b)(2)(A)(v) authorizes an order "dismissing the action or proceeding in whole or in part" for failure to obey a court order.  Dismissal is a "drastic remedy generally to be used only when the district judge has considered lesser alternatives."  *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotations and citation omitted).  Dismissal is justified where failure to comply was due to "willfulness, bad faith, or any fault" of the party sanctioned.  *Id.*  "The district court is free to consider the full record in the case in order to select the appropriate sanction."  *Id.* (internal quotations and citation omitted).

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The following factors are relevant to dismissal under Rule 41(b):  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

Here, Defendants argue that dismissal is appropriate for four reasons:  (1) Plaintiffs failed to attend a pretrial conference; (2) Plaintiffs failed to respond to Defendants' letter request for a premotion conference in connection with summary judgment; (3) Plaintiffs failed to file pretrial submissions, namely a joint pretrial order ("JPTO"); and (4) Plaintiffs submitted their opposition to the instant motion late.  Defs.' Mot. at 6; Defs.' Rep. at 2-5.

First, Defendants do not bother to identify the complained of conference by date.  The

Court observes that, while Plaintiffs failed to appear for a telephonic conference before the magistrate judge on April 6, 2021, Defendants also failed to appear for a telephonic conference on February 10, 2021.  *See*, Minute Entries dated February 10, 2021 and April 6, 2021.  Moreover, no delay or other prejudice appears to have resulted from the April 6, 2021 nonappearance as Defense counsel represented on that date that discovery was closed, and that Defendants intended to proceed with summary judgment motion practice.  *See*, Minute Entry dated April 6, 2021.

Second, while Plaintiffs did not respond to Defendants' premotion conference letter, Plaintiffs did not violate any Court order or rule.  The Court's Individual Rule IV(A)(3) requires a premotion letter from the moving party, while the nonmoving party is given the option to respond within an allotted period of time.  There is no requirement that a nonmoving party submit a response.  The Court is dismayed that such an argument was raised as it lacks a good faith basis.

Third, Defendants fail to grasp the basic nature of a JPTO, which is a *joint* filing.  Thus, any failure to submit a JPTO or seek an extension of that deadline was a failure by both parties, not just Plaintiffs.  Further, based on the unchallenged correspondence provided by Plaintiffs' counsel, it is alarming that Defendants even raised this argument since Plaintiffs first provided their portion of the JPTO to Defendants, who indicated they did not have time to provide edits or additions.  Correspondence, Ex. D to Declaration of Shan Zhu, Dkt. Entry No. 40-5.  Although Plaintiffs provided their portion of the JPTO to Defendants one day after the submission deadline, there is no rule requiring Defendants to wait or that Plaintiffs must provide their portion first.  Defendants should have been working on their portion of the JPTO well before any deadline, instead of trying to shift their responsibilities to Plaintiffs.  Defendants also overlook the Court's Individual Rule VI(A), which requires the parties to file a JPTO "unless otherwise ordered by the Court or seeking a premotion conference to file dispositive motions."  Thus, even though the

magistrate judge had set a JPTO deadline, that deadline was superseded by the Court's Individual Rules when Defendants filed their premotion letter, especially since the magistrate judge ultimately directed the parties to "adhere to Judge Irizarry's individual rules." Minute Entry dated April 6, 2021. To the extent Defendants were confused as to the JPTO deadline, it was incumbent upon them either to seek a clarification or an extension from the Court.

Fourth, rather than addressing the merits of this case, Defendants spend their reply arguing that summary judgment should be granted because Plaintiffs served their opposition late. In reality, Plaintiffs emailed their opposition at 2:26 a.m., less than three hours after the deadline had passed. Ex. 2 to July 8, 2021 Holleman Decl., Dkt. Entry No. 40-11. The Court previously addressed this specific issue via Electronic Order, observing that Defendants failed to articulate any prejudice and finding that no material prejudice ensued since Defendants' ability to file a reply was not hindered. *See*, Electronic Order dated July 26, 2021. It is difficult to imagine how timely receiving Plaintiffs' opposition just before midnight would have had any effect on Defendants. The Court sees no reason to grant summary judgment based on this *de minimis* late service. Defendants' request for a separate opportunity to address the merits of Plaintiffs' opposition is denied as Defendants had ample opportunity to respond on the merits yet strategically chose to squander that opportunity.

For the most part, Defendants are equally at fault for any violations that Plaintiffs may have committed. Defendants do not allege any prejudice, and the Court finds none. There is no basis for dismissal under Rules 16, 37, or 41. Accordingly, the motion to dismiss on these grounds is denied. The Court reminds Defendants of their Rule 11 obligations to refrain from making further frivolous arguments or face sanctions.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion for summary judgment is granted to the extent that Plaintiffs' FLSA claims for violations accruing prior to February 25, 2016 are dismissed as time barred and is denied in all other respects.


SO ORDERED.

Dated: Brooklyn, New York
      January 7, 2022

/s/
_____
DORA L. IRIZARRY
United States District Judge

14