```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JIAN BIN LIN, ZHEN QI WENG, and BIN LIAN,       :
                                                 :
                              Plaintiffs,        :          SUMMARY ORDER
                                                 :          19-cv-1119 (DLI)(MMH)
              -against-                          :
                                                 :
TABLE FOR EIGHT, INC., M SHANGHAI, LLC,          :
MAY LIU, and JOHN AND JANE DOE 1-10              :
                                                 :
                              Defendants.        :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

This Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case is before the Court pursuant to its federal question and supplemental jurisdiction. As relevant here, the Honorable Magistrate Judge Marcia M. Henry of this Court certified discovery as closed on April 23, 2024.[1] In anticipation of trial, Plaintiffs, Jian Bin Lin, Zhen Qi Weng, and Bin Lian (collectively, "Plaintiffs"), and Defendants, Table for Eight, Inc. d/b/a M Noodle Shop, M Shanghai, LLC d/b/a M Shanghai, and May Liu (collectively, "Defendants"), filed a proposed Joint Pretrial Order ("JPTO"). Dkt. Entry No. 84. This Summary Order identifies and addresses only those portions of the JPTO that fail to comply with this Court's Individual Rules, which the parties must correct in a revised proposed JPTO consistent with this Order and the Court's Individual Rules in advance of a pretrial conference to be scheduled thereafter.

## TRIAL COUNSEL

The parties must list the full names, addresses, and contact information for all trial counsel. *See,* Rule V(A)(3)(I).[2] Plaintiffs list two attorneys and Defendants list one attorney as trial counsel.

---

[1] For a detailed summary of the facts of the case *see*, Order on Defs.' Mot. for Summ. J., Dkt. Entry No. 45. The parties' familiarity with the facts and circumstances of the case is presumed.

[2] All citations to "the Rules" refer to the Court's Individual Rules and Practices, unless otherwise noted.

JPTO at 1. However, Defendants do not list Garam Choe as counsel, although he is listed on the docket and has entered an appearance on the docket. *See*, Dkt. Entry No. 19. Importantly, William Scott Holleman, who is listed in the JPTO, has not entered a notice of appearance, despite filing documents on the docket from the outset of the case. *See*, April 4, 2019, Mot. for Ext. of Time to Answer, Dkt. Entry No. 7. Therefore, Defendants shall list Garam Choe on the JPTO, if he intends to appear at trial, and William Scott Holleman must file a notice of appearance forthwith. Any attorney who works on this matter and expects to file anything or participate in the trial must file a notice of appearance.

## CLAIMS AND DEFENSES

The parties must include a summary of the claims and defenses that remain to be tried and a detailed statement, by claim, regarding damages and relief sought. *See,* Rule V(A)(3)(III). The parties also must identify all claims and defenses previously asserted that are not to be tried. *Id.* There are a host of issues with this section.

Plaintiffs claim Defendants violated the: (1) minimum wage provisions of the FLSA and NYLL; (2) overtime wage provisions of the FLSA and NYLL; (3) violation of "Spread of Hour Pay" provisions of NYLL; and (4) wage notice and wage statement provisions of the NYLL. JPTO at 2-3. Separately, Plaintiffs list the following amounts of damages sought: (1) $142,000.82 in back wages; (2) $142,000.82 in liquidated damages; (3) $30,000 in statutory damages pursuant to the Wage Theft Prevention Act; and (4) $45,478.70 in pre-judgment interest until October 21, 2020. *Id.* at 3. Plaintiffs have not identified the damages for each claim or the pertinent statutory period for the claims and have not listed previously asserted claims not to be tried as required.

Defendants assert general defenses and eight affirmative defenses. *Id.* at 3-4. The collective action defenses are unnecessary as there is no indication that Plaintiffs continue to pursue claims other than their own. Defendants' statement regarding costs under Fed. R. Civ. P.

2

68 appears based on a misreading of that rule, which in no way obligates a plaintiff to pay a defendant's costs following a rejected offer of judgment. In any event, Fed. R. Civ. P. 68 is inapplicable to this section and Defendants must remove this as a defense.

## STIPULATIONS OF FACT AND LAW

The parties are encouraged to include stipulations of law and fact. *See,* Rule V(A)(3)(VI). However, the parties did not submit any joint stipulations of fact or law. JPTO at 6. Instead, Defendants claim they did not receive Plaintiffs' statements of fact until 23 minutes before the deadline for filing the JPTO. *Id*. Such failure to cooperate with each other in a timely fashion is neither professional nor acceptable and is typical of the lack of cooperation among the parties and respect for deadlines set by the Court throughout this litigation.

The parties are to meet and confer sufficiently in advance of the filing deadline and agree to stipulations of law and fact to narrow the issues for trial. The Court's Order on Defendants' motion for summary judgment provides a starting point regarding the facts and law for the parties' discussion. *See*, Order on Defs.' Mot. for Summ. J., Dkt. Entry No. 45.

## WITNESSES

The parties failed to comply with the requirement that they list the names and addresses of all witnesses with a brief narrative statement of each witness's expected testimony and "briefly describe the basis for any objections to witnesses offered by the other party." *See*, Rule V(A)(3)(VII).

Plaintiffs state that each Plaintiff will provide "live testimony in person or via remote meanings [sic]" regarding details of each Plaintiff's employment with Defendants and their general knowledge of Defendants' operations. JPTO at 6. In contravention of the Rules, Plaintiffs reserve the right to call: (1) additional identified witnesses for rebuttal; (2) Defendants' witnesses in the event Defendants do not call them; and (3) records custodians for foundation for admission

of evidence. *Id*. at 7. All witnesses, including possible rebuttal and impeachment, are expected to testify in person and must be listed in the JPTO, with a brief summary of their anticipated testimony. *See*, Rule V(A)(3)(VII). Witnesses not included in the JPTO will be <u>precluded</u> from testifying. Moreover, the Court expects the parties not to waste trial time on custodial witnesses when the parties can stipulate to the relevant documents' authenticity and admissibility.

Defendants list Defendant May Liu as their first witness. In addition, Defendants list six non-party witnesses to testify about Defendants' restaurant policies, delegation/allocation of responsibilities. JPTO at 7-8. In contravention of the Court's Rules, Defendants do not list any contact information for three of the non-party witnesses, Xiufeng Wang, Puhua Wen, and Jianguago Wang. *Id.* Like Plaintiffs, Defendants also attempt to reserve the right to call rebuttal witnesses without listing these witnesses. *Id.* at 8. Defendants and Plaintiffs are admonished to comply with Court's Rules. *See*, *supra* at 3-4.

The parties are reminded that witnesses and objections not contained in the JPTO may not be called or raised at trial. The parties also are reminded of their responsibility to retain a certified interpreter for each of their witnesses and clients.

## **EXHIBITS**

The parties failed to comply with the requirement that they list exhibits to be offered into evidence, including possible impeachment or rebuttal exhibits, and list and describe the basis for any objections. Rule V(A)(3)(VIII). Unlisted exhibits and/or objections will be precluded at trial.

First, Plaintiffs must use only numbers to identify their Exhibits. Next, Exhibit P-1 is described as "Plaintiffs' Complaint" and Exhibit P-2 is described as "Defendants' Answer." JPTO at 8-9. It is unclear what documents these are. However, to the extent that these documents are the Amended Complaint and Answer to the Amended Complaint, these documents are operative and are not admissible as evidence. To the extent that these are the original Complaint and Answer,

4

these documents are not operative and, generally, are not admissible. *See*, *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 32 (2d Cir. 2002) (explaining that "[a] statement in a withdrawn complaint that is superseded by an amended complaint without the statement is no longer a conclusive judicial admission," although "the factfinder may very well find that such a contradictory statement reduces the credibility of the witness"), *overruled in part on other grounds by Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006). Notably, no explanation was provided as to either the admissibility or need for these documents.

Similarly, Defendants did not use letters to pre-mark their Exhibits, despite acknowledging that the rules oblige them to do so. *See*, Rule V(B); JPTO at 9 n. 1. Defendants must list their exhibits in accordance with the Court's rules. Like Plaintiffs, Defendants seek to introduce into evidence the original complaint and answer, both of which have been amended. For the reasons discussed above, these are not admissible at trial.

Defendants' remaining exhibits are identified inappropriately with a letter and a number instead of just a letter and all are labeled "Expense Records." Each item must be labelled distinctly noting the date, person to whom the exhibit relates, and any other pertinent identifier.

## **CONCLUSION**

The parties are ORDERED to file an amended JPTO consistent with this Summary Order and the Court's Individual Rules. The parties shall confer with each other amicably and in good faith and with sufficient time to file a proper JPTO consistent with this Order and the Court's Order on Defendant's Summary Judgment Motion **BY NO LATER THAN APRIL 21, 2025.**

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2025

/s/
DORA L. IRIZARRY
United States District Judge